UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEFFREY GEMMA,
on his own behalf and on behalf of
all other similarly situated current
and former employees of the Defendants,
Plaintiff

CA 05 298S

v.

C.A. No. 05-

TOWN AND COUNTRY CREDIT CORP.
and JOSEPH MASELLI
Defendants

# COMPLAINT

## JURISDICTION AND VENUE:

1. Plaintiff Jeffrey Gemma brings this action and invokes this Honorable Court's federal question jurisdiction pursuant to § 216 (b) of the Fair Labor Standards Act (FLSA) for and on behalf of himself and all other similarly situated current and former employees of the Defendant employers.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 2201, and 2202, and 29 U.S.C. § 216 (b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Considerations of judicial economy, convenience and fairness to the litigants warrant exercise of this Court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state law claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

5. The events complained of herein occurred in Rhode Island and near-by states.

## PARTIES:

6. At all times relevant to this action, Plaintiff Jeffrey Gemma (hereinafter "Plaintiff") was a resident of the State of Rhode Island and an "employee" of Defendant Town and Country Credit Corporation within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and R.I.G.L. § 28-50-2 of the Rhode Island Whistleblowers' Protection Act.

7. Defendant Town and Country Credit Corp. (hereinafter "Defendant TCCC") is a corporation organized under the laws of the state of Delaware, a wholly-owned subsidiary of Ameriquest Mortgage Company, that is duly authorized to conduct business in the state of Rhode Island and many other states, that engages in interstate commerce, and maintains a regular places of business in Lincoln and Warwick, Rhode Island, Fall River, Massachusetts, and Weathersfield, Connecticut.

8. At all times during Plaintiff's employment by Defendant TCCC, Defendant TCCC was engaged in money lending in the stream of interstate commerce, and was Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d) and R.I.G.L. § 28-50-2.

9. At all times relevant to this action Defendant Joseph Maselli (hereinafter "Defendant Maselli") was a Rhode Island resident and the Area Manager for Defendant TCCC and Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d) and R.I.G.L. § 28-50-2. Defendant TCCC and Defendant Maselli are hereinafter collectively referred to as "Defendants."

**FACTUAL ALLEGATIONS**

10. On or about July 7, 2003 the Defendants hired Plaintiff to work as an in-house loan salesman.

11. Defendants classified Plaintiff as a non-exempt employee who was eligible to receive overtime premium pay for any hours worked in excess of forty (40) hours in an individual workweek.

12. Throughout the course of Plaintiff's employment by the Defendants, the Plaintiff's primary duties and principal activities in the employ of the Defendants rarely, if ever, involved discretion or independent judgment or work directly related to management operations, but rather were limited to repetitive tasks involving calling potential customers and mailing out advertisements.

13. At all times during the course of Plaintiff's employment, Plaintiff performed all assigned duties in an exemplary manner that exceeded the Defendants' legitimate expectations as Plaintiff's employer.

14. Defendants considered Plaintiff to be non-exempt for payroll purposes, requiring Plaintiff to fill out a "non-exempt attendance record sheet" for each week he worked.

15. As part of a pattern and practice of systematically and willfully violating the FLSA, Defendants prohibited Plaintiff from entering more than forty (40) hours per workweek on his non-exempt attendance record sheets, despite the fact that Defendants knew that Plaintiff consistently worked many overtime hours each workweek.

16. Despite the fact that Defendants, as part of their pattern and practice of systematically and willfully violating the FLSA, knew that Plaintiff consistently worked many overtime hours each workweek, Defendants paid Plaintiff overtime for only two (2) hours, one Saturday per month.

17. On or about November 11, 2003, Defendants admitted to Plaintiff and other similarly situated employees that Defendants had violated the FLSA by failing to pay overtime premium pay for hours worked in excess of forty (40) in individual workweeks.

18. Because the Defendants purposefully refused to record or maintain mandatory payroll records, as required by FLSA, and because Defendants intended to willfully violate the FLSA, the Defendants admitted their FLSA backpay liability but knowingly made payment of only a small fraction of the backwages then due and owed to Plaintiff and other similarly situated current employees for unpaid hours worked and unpaid overtime premiums. Specifically, Defendants committed additional willful FLSA violations by paying Plaintiff backpay for only three (3) hours of overtime per week with respect to the period February 24, 2003 through October 19, 2003, in the amount of $819.65, reduced by certain payroll deductions.

19. Despite Defendants' November 11, 2003 admission of FLSA violations and FLSA backpay liability, after November 11, 2003 Defendants knowingly continued willful FLSA violations by refusing to pay Plaintiff and other similarly situated employees for all hours worked and by refusing to pay overtime premium pay for all hours worked in excess of forty (40) in individual workweeks.

20. Despite Defendants' November 11, 2003 admission of Defendants' FLSA violations, despite Defendants' knowledge of the FLSA obligation to pay Plaintiff for all hours worked and overtime premiums pay for overtime hours worked, despite Defendants' knowledge and admission that Plaintiff's duties rendered Plaintiff a non-exempt employee, Defendants continued after November 11, 2003 to knowingly and willfully violate their known FLSA obligations to pay Plaintiff and other similarly situated current and former employees of the Defendants for all hours worked and to pay overtime premium pay for all overtime hours worked in individual workweeks.

21. On or about February 2, 2004, Plaintiff went to work and became ill. Plaintiff experienced dizziness, spots that impaired his vision, an accelerated heart rate and extreme, unusual fatigue, whereupon Plaintiff was diagnosed with diabetes.

22. Plaintiff made an appointment with his doctor for 2:45 P.M. on February 2, 2004 and then called Ashley Borden, the branch supervisor, and left her a message stating that he was ill and going home and left his home telephone number

23. Around 1:30 P.M. on February 2, 2004, Defendant Maselli called Plaintiff at home and verbally abused him for leaving work early.

24. Plaintiff was physically shaken by Defendant Maselli's telephone abuse.

25. Pursuant to Defendants' policies and procedures, Plaintiff called Defendant TCCC's Human Resources Representative Kristen Bowie (hereinafter "Ms. Bowie") on February 2, 2004, and complained about the telephone abuse from Defendant Maselli.

26. Plaintiff went to the doctor around 2:45 P.M. on February 2, 2004, and thereafter faxed a doctor's note to Ms. Bowie, along with a written statement regarding Defendant Maselli's violation of Defendants' policy against violence in the workplace.

27. Plaintiff's complaints to Defendant TCCC's Human Resources personnel were futile. On or about February 5, 2004, Defendant Maselli called Plaintiff at the Warwick office and repeatedly told Plaintiff he had "screwed up."

28. On or about February 9, 2004, in retaliation for Plaintiff's written and verbal statement to Defendant TCCC's Human Resources Department regarding Defendant Maselli's violent and abusive behavior, Defendant Maselli called Plaintiff into his office and demanded that Plaintiff sign a false, defamatory statement stating Plaintiff was continuously absent and dishonest. Plaintiff reasonably refused to sign.

29. In retaliation for Plaintiff's written and verbal complaints to Defendant TCCC's Human Resources personnel regarding Defendant Maselli's violent and abusive behavior, Defendant Maselli terminated Plaintiff's employment on February 9, 2004.

30. As a result of the Defendants' illegal and willful actions, Plaintiff has suffered and shall continue to suffer damages including: severe and substantial compensatory damages, including lost wages, commissions, fringe benefits and other substantial financial losses, as well as emotional pain, suffering, inconvenience, discomfort, mental anguish, loss of enjoyment of life, humiliation, embarrassment, fear and discomfort triggered by suffering a loss of income and due to being terminated, fear regarding Plaintiff's ability to find suitable employment, frustration, and a variety of other damages, including attorney's fees and the costs of bringing this action.

31. Subsequent to Defendants' termination of Plaintiff, Defendants refused to pay Plaintiff the commissions and point bonuses that Plaintiff had duly earned for the month of January 2004.

## COUNT I: WILLFUL VIOLATIONS OF THE FLSA (REFUSAL TO PAY FOR ALL HOURS WORKED)

32. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

33. By the aforementioned acts and omissions, Defendants knowingly and willfully violated the FLSA by failing and refusing to pay Plaintiff and other similarly situated current and former employees for all hours worked.

34. Defendants stand jointly and severally liable to Plaintiff and other similarly situated current and former employees for all unpaid wages for all unpaid hours worked.

35. Given the knowing and willful character of the Defendants' violations of the FLSA, Defendants stand jointly and severally liable to Plaintiff and other similarly situated current and former employees for additional FLSA liquidated damages in an amount equal to the amount owed by the Defendants for all unpaid wages for all unpaid hours worked.

WHEREFORE, Plaintiff seeks the relief hereinafter set forth.

**COUNT II: WILLFUL VIOLATIONS OF THE FLSA**
**(REFUSAL TO PAY OVERTIME PREMIUM PAY)**

36. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

37. By the aforementioned acts and omissions, Defendants knowingly and willfully violated the FLSA by failing and refusing to pay Plaintiff and other similarly situated current and former employees Defendants overtime premium compensation for all hours worked in excess of forty (40) in individual workweeks.

38. Defendants stand jointly and severally liable to Plaintiff and other similarly situated current and former employees for all unpaid overtime premium pay required by the FLSA.

39. Given the knowing and willful character of the Defendants' violations of the FLSA, Defendants stand jointly and severally liable to Plaintiff and other similarly situated current and former employees for additional FLSA liquidated damages in an amount equal to the amount owed by the Defendants for all unpaid overtime premium pay required by the FLSA.

WHEREFORE, Plaintiff seeks the relief hereinafter set forth.

**COUNT III: WILLFUL VIOLATIONS OF THE FLSA**
**(REFUSAL TO PAY LIQUIDATED DAMAGES)**

40. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

41. By the aforementioned acts and omissions, Defendants knowingly and willfully violated the FLSA by failing and refusing to pay their employees, including Plaintiff, for all hours worked or overtime premium pay for overtime hours worked.

42. Even though Defendants admitted that they owed Plaintiff and other similarly situated employees back pay for unpaid hours worked and back wages for unpaid overtime premium pay, Defendants wrongfully understated the amount of their FLSA backpay liability and further refused to pay FLSA liquidated damages.

43. Defendants stand jointly and severally liable to Plaintiff and other similarly situated current and former employees for liquidated damages paid with respect to any payment of FLSA backwages.

WHEREFORE, Plaintiff seeks the relief hereinafter set forth.

**COUNT IV: WILLFUL VIOLATIONS OF THE FLSA**
**(WILLFUL RECORD KEEPING VIOLATIONS)**

44. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

45. By the aforementioned acts and omissions, Defendants knowingly, willfully and purposefully violated the FLSA by prohibiting their employees, including Plaintiff, from recording hours worked in excess of forty (40) in individual workweeks and by knowingly and purposefully refusing to prepare and maintain basic payroll records required by the FLSA.

46. Defendants' knowing, willful and purposeful violations of the record keeping requirements of the FLSA demonstrate the Defendants' liability for willful violations of the FLSA.

47. Defendants stand jointly and severally liable to Plaintiff and other similarly situated current and former employees for willful violations of the FLSA.

**COUNT V: BREACH OF CONTRACT**
**(UNPAID COMMISSIONS)**

48. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

49. Defendants breached Plaintiff's compensation contract by willfully failing or refusing to pay Plaintiff all of his earned and accrued twenty-two percent (22%) commission and bonus points.

50. No justiciable issue of fact or law exists with respect to the Defendants' breach of contract.

51. As a result of Defendants' breach of the parties' contract, Plaintiff has incurred substantial damages as alleged, including the loss of commission payments and bonuses, as well as reasonable attorneys' fees and litigation costs.

WHEREFORE, Plaintiff seeks the relief hereinafter set forth.

**COUNT VI: UNJUST ENRICHMENT**

52. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

53. By virtue of the receipt of the full benefit of Plaintiff's performance of the valuable services defined by the parties' Contract, and by virtue of their refusal to pay Plaintiff his earned commissions and bonus points Defendants have been unjustly enriched.

WHEREFORE, Plaintiff seeks the relief hereinafter set forth

**COUNT VII: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS**

54. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

55. Defendant Maselli fully understood the valuable character of Plaintiff's on-going employment with Defendant TCCC and fully understood the terms and conditions of the Plaintiff's compensation including the value of Plaintiff's earned and unpaid commissions.

56. Defendant Maselli caused the termination of Plaintiff's employment with Defendant TCCC.

57. But for Defendant Maselli's wrongful and malicious actions, which were taken for the purpose of harming Plaintiff, Plaintiff's valuable on-going employment with Defendant TCCC would have continued and would have continued to profit Plaintiff greatly.

58. Defendant Maselli's action of causing the termination of Plaintiff's employment with Defendant TCCC had no legitimate purpose and no legitimate business justification.

59. Defendant Maselli purposefully, maliciously and without justification or excuse, took the wrongful actions complained of herein for the purpose of interfering with the valuable on-going employment relationship between Plaintiff and Defendant TCCC and to deprive Plaintiff of his earned and unpaid commissions.

60. As the direct, proximate, intended and foreseeable result of Defendant Maselli's interference with Plaintiff's valuable on-going employment relationship with Defendant TCCC, Plaintiff has suffered grave and substantial pecuniary and non-pecuniary damages.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

**COUNT VIII: WILLFUL VIOLATIONS OF R.I.G.L. §28-50-3**
(ILLEGAL RETALIATION)

61. Plaintiff hereby re-alleges every allegation set forth in this Complaint as though fully set forth herein.

62. Because Plaintiff complained verbally and in writing to Defendants' Human Resources Department about Defendant Maselli's illegal assault and because Defendants knew of these reports, Defendants illegally retaliated against Plaintiff because of his complaints and protests, and terminated Plaintiff's employment.

63. Defendants purposefully and maliciously and without justification or excuse took the wrongful, intentionally discriminatory and intentionally retaliatory actions herein complained of in violation of R.I.G.L. §28-50-3.

64. As the direct, proximate, intended and foreseeable result of Defendants' violation of R.I.G.L. §28-50-3, Plaintiff has suffered grave and substantial pecuniary and non-pecuniary damages.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

65. The Defendants' actionable conduct complained of herein in Counts VII and VIII proximately caused the Plaintiff to suffer grave and substantial pecuniary damages, including lost wages, commissions, bonuses, fringe benefits, vacation pay, attorneys fees, the costs of this action, as well as other pecuniary damages, now, and in the future.

66. The Defendants' actionable conduct complained of herein in Counts VII and VIII proximately caused the Plaintiff to suffer grave and substantial compensatory damages, including physical sickness, personal emotional pain, personal suffering, personal inconvenience and discomfort, mental anguish, extreme and severe emotional distress with resulting physical and emotional manifestations, loss of enjoyment of life, humiliation, embarrassment, adverse working conditions, offensive working conditions, abusive working conditions, demeaning working conditions, stress, despair regarding the

Plaintiff's inability to stop or limit the continuing workplace harassment and retaliation, fear and discomfort triggered by suffering a loss of income, fear regarding Plaintiff's ability to find new suitable employment, anguish, frustration, and other severe non-pecuniary losses, now, and in the future, as well as future pecuniary losses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1. A finding that Defendants stand liable to Plaintiff and similarly situated current and former employees of the Defendants for willful violations of the overtime and wage payment requirements of the FLSA.

2. A finding that Defendants stand liable to Plaintiff and similarly situated current and former employees of the Defendants for liquidated damages with respect to all violations of the overtime and wage payment requirements of the FLSA.

3. A finding that Defendants breached Plaintiff's contract right to full commission payments.

4. A finding that Defendants have been unjustly enriched.

5. A finding that Defendant Maselli stands liable to Plaintiff for tortious interference with advantageous business relations.

6. A finding that Defendants violated R.I.G.L. § 28-50-4 the Rhode Island Whistleblower's Protection Act.

7. A finding after judgment (or partial summary judgment) in Plaintiff's favor, that the Defendants stand liable to Plaintiff for an award of Plaintiff's reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-judgment hearing to determine the amount of Plaintiff's reasonable attorneys' fees taxable against the Defendants, along with a determination of the Plaintiff's litigation costs and expenses taxable against the Defendants.

8. An award, according to proof, of Plaintiff's compensatory damages for the wrongful acts alleged herein.

9. An award after finding in Plaintiff's favor, that the Defendants stand liable to Plaintiff for an award of Plaintiff's reasonable attorneys' fees per R.I.G.L. § 9-1-45, litigation fees and costs with respect to Defendants' breach of contract.

10. An appropriate award of pre-judgment interest on all sums recovered.

11. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

JEFFREY GEMMA, on his own behalf and on behalf of all other similarly situated current and former employees of the Defendants,

By his Attorneys,

CHARLES S. KIRWAN & ASSOCIATES

Charles S. Kirwan (4050)
204 King Phillip Street
Providence, RI 02909
(401) 272-6800
(401) 272-6875 (fax)

TRIAL BY JURY IS HEREBY DEMANDED FOR ALL ISSUES SO TRIABLE.

Charles S. Kirwan