UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JEFFREY GEMMA, on his own behalf and on behalf of all other similarly situated current and former employees of the Defendants, Plaintiff | : | |
| vs. | : | C.A. No. 05-298S |
| TOWN AND COUNTRY CREDIT CORP. and JOSEPH MASELLI Defendant | : | |

## ANSWER

Town and Country Credit Corp. (hereinafter "Town & Country") and Joseph Maselli, defendants in the within matter, answer plaintiff's complaint as follows:

1. Admitted, that plaintiff is attempting to bring this action pursuant to Sec. 216(b) of the Fair Labor Standards Act and invoke federal jurisdiction, but denied as to all remaining allegations and it is denied that plaintiff is a proper representative of other current and former employees of the defendants.

2. Denied.

3. Admitted.

4. Denied.

5. Denied, except defendants admit that plaintiff was employed by Town & Country in Rhode Island.

6. Admitted that plaintiff was a resident of Rhode Island and worked for Town & Country, but denied as to all other allegations.

7. Admitted, except Town & Country denies that it is a wholly owned subsidiary of Ameriquest Mortgage Company.

8. Denied, except defendants admit that Town & Country is a mortgage lender engaged in interstate commerce.

9. Denied, except defendants admit that Joseph Maselli was a Rhode Island resident and at some point was an area manager for Town & Country.

10. Denied, except defendants admit that on July 7, 2003, plaintiff began employment for Town & Country as a Loan Officer.

11. Admitted.

12-13. Denied.

14. Admitted.

15-17. Denied.

18. Denied, except defendants admit that Town & Country paid plaintiff $819.65.

19-20. Denied.

21. Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 21 of the complaint and same are therefore denied.

22. Defendants are without sufficient information to form a belief as to the truth of the allegation of paragraph 22 of the complaint and same are therefore denied, except defendants admit that plaintiff left work on February 2, 2005.

23. Denied, except defendants admit that defendant Maselli and plaintiff had a telephone conversation on February 2, 2004.

24. Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 24 of the complaint and same are therefore denied. Defendants further deny that Defendant Maselli abused plaintiff in any telephone conversation, or otherwise.

25. Denied, except defendants admit that on February 2, 2004, plaintiff had a telephone conversation with Kirsten Bowie.

26. Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 26 of the complaint and same are therefore denied, except defendants admit that plaintiff provided a writing to defendants, which speaks for itself.

27. Denied, except that defendants admit that Defendant Maselli may have had a telephone conversation with plaintiff on February 5, 2004, and at some time may have advised plaintiff that plaintiff had "screwed up."

28. Denied.

29. Denied, except defendants admit that plaintiff's employment was terminated effective February 9, 2004.

30-31. Denied.

32. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

33-35. Denied.

36. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

37-39. Denied.

40. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

41-43. Denied.

44. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

45-47. Denied.

48. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

49-51. Denied.

52. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

53. Denied.

54. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

55-60. Denied.

61. Defendants incorporate herein their responses to the allegations of the complaint, as set forth above.

62-66. Denied.

AFFIRMATIVE DEFENSES

1. The complaint fails to state claims against defendants upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff has failed to exhaust his contractual remedies, which provide that all claims plaintiff may have against defendants are exclusively subject to binding arbitration.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

5. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the Rhode Island Workers' Compensation Law.

6. The Court lacks jurisdiction as the parties have entered into a valid and enforceable agreement and release, wherein plaintiff released certain claims, including those he now asserts, against defendants, in exchange for good and valuable consideration.

7. This Court lacks subject matter jurisdiction because, among other things, the parties have entered into a valid and enforceable agreement to arbitrate plaintiff's claims. Accordingly, by filing this Answer, defendants do not waive their right to seek to compel arbitration, which right is hereby expressly reserved.

8. Plaintiff has waived or is estopped to the claims made by him related to the subject matter of the complaint.

9. Plaintiff consented and/or acquiesced to the acts of Town & Country as described in the complaint.

10. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

11. Plaintiff is not entitled to recover punitive or exemplary damages because an award of punitive or exemplary damages in general, or any such award as applied to the facts of this specific action, will violate defendants' due process and equal protection rights under provisions of the Constitutions of the United States and Rhode Island and under the laws of the State of Rhode Island.

12. Plaintiff's claims are barred, in whole or in part, because, if Town & Country's employees took the actions alleged, such actions were committed outside the course and scope of

such employees' employment, were not authorized, adopted, or ratified by Town & Country, and/or Town & Country did not know of, nor should it have known of, such conduct.

13. Plaintiff's claims are barred, in whole or in part, since a bona fide, good faith dispute existed as to whether or not plaintiff was entitled to claimed wage amounts and defendants did not act willfully or with knowledge that their conduct violated federal wage and hour laws or in reckless disregard thereof.

14. Plaintiff's claims are barred, in whole or in part, because plaintiff is exempt from overtime under federal overtime requirements.

15. Plaintiff lacks standing to bring any of the purported causes of action alleged in the complaint as a class action, collective action, or as an action brought as a representative of a purported class of "similarly situated" yet unnamed others.

WHEREFORE, defendants request that the complaint be dismissed, with prejudice and costs.

TOWN AND COUNTRY CREDIT CORP. and
JOSEPH MASELLI

By their Attorneys,

Michael F. Kraemer (#6751)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
Phone: 401-274-2000
Fax: 401-277-9600

Dated: December 21, 2005

CERTIFICATION

Charles S. Kirwan, Esq.
Charles S. Kirwan & Associates
204 King Phillip Street
Providence, Rhode Island 02909

I hereby certify that I mailed a copy of the within Answer to the above-named counsel on the 20th day of December 2005.

Linda S Guastello

#685238v1 (58958/126801)